UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OK PATRICK,

    Plaintiff,

v.

CITY OF TACOMA, A MUNICIPAL CORPORATION,

    Defendant.

Case No. C04-5675FDB

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is the motion of Defendant City of Tacoma for summary judgment on the claims of Plaintiff Ok Patrick. The Court, having reviewed the motion, opposition, and balance of the record, finds, for the reasons set forth herein, that the motion should be granted and Plaintiff's federal claims dismissed with prejudice.

I.

Summary judgment is appropriate when the pleadings, affidavits, depositions and admissions on file demonstrate that there is no issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56 ( c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e) for racial discrimination, religious discrimination and retaliation. Before a plaintiff can file an

ORDER - 1

1  action for alleged violations of Title VII, she must file a timely charge of discrimination with the
2  EEOC.  42 U.S.C. § 2000e-5.  Once the EEOC issues a "right-to-sue" letter, the claimant then has
3  ninety days in which to file a civil action.  42 U.S.C. § 2000e-5(f)(1).  "This ninety-day period is a
4  statute of limitations." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997), *cert.*
5  *denied*, 522 U.S. 858, 118 S.Ct. 158, 139 L.Ed.2d 103 (1997).  "If the claimant does not file within
6  this 90-day period, the action is barred." *Ortez v. Washington County, State of Oregon*, 88 F.3d
7  808, 807 (9th Cir. 1996).  The 90-day period is subject to equitable tolling in appropriate
8  circumstances. *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1173 (9th Cir. 1986).

## II.

Plaintiff alleges that she was discriminated against and subjected to a hostile work environment because of her ethnicity and religious affiliation and that when she complained about the discriminatory conduct, she was retaliated against.  Prior to initiating this action, Plaintiff filed a charge of discrimination with the EEOC.  On May 10, 2004, the EEOC issued Plaintiff a right-to-sue letter.  On October 6, 2004, one hundred and forty days later, Plaintiff filed this action in Pierce County Superior Court, asserting claims for discrimination and retaliation under Title VII and Washington's Law Against Discrimination (RCW 49.60), and various state law claims.  On October 7, 2004, Defendant removed this matter to this Court.

Defendant contends that Plaintiff's failure to commence this action within 90 days of receipt of the right-to-sue letter mandates dismissal of her Title VII claims in their entirety and with prejudice.  Defendant further requests that the Court also decline supplemental jurisdiction on Plaintiff's state law claims, thereby dismissing this action in its entirety.  Plaintiff argues that the 90-day filing period should be equitably tolled in her case because she had to first comply with Washington's claim filing requirements prior to filing suit against Defendant.  Pursuant to RCW 4.96.020, Plaintiff could not file suit until sixty (60) days had elapsed from the date she first presented a claim against Defendant.  Thus, Plaintiff argues that the federal 90-day filing period

ORDER - 2

should be equitably tolled during the state claim filing period.

### III.

There is no dispute that Washington's claim filing requirements and tolling provisions do not apply to Title VII claims, *see, e.g.*, *Felder v. Casey*, 487 U.S. 131, 148, 108 C.Ct. 2302, 101 L.Ed.2d 123 (1988). Thus, the issue before the Court is whether the circumstances justify application of equitable tolling. This is not a case in which a claimant has received inadequate notice, *see Gates v. Georgia-Pacific Corp.*, 492 F.2d 292 (9th Cir. 1974); or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, *see Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (6th Cir. 1972); or where the court has led the plaintiff to believe that she had done everything required of her, *see Carlisle v. South Aircraft Corp.*, 640 F.2d 207 (9th Cir. 1981). Nor is this a case where affirmative misconduct on the part of the defendant lulled the plaintiff into inaction. *Villasenor v. Lockheed Aircraft Corp.*, 640 F.2d 207 (9th Cir. 1981).

Unfortunately, it appears that Plaintiff simply misapprehended application of Washington's claim filing requirements and wrongfully concluded that the state tolling provisions would apply. The Court is not convinced that this lack of diligence is the type of circumstance justifying application of equitable tolling. Without equitable tolling, Plaintiff's failure to file within the 90-day statute of limitations bars her federal claims and therefore, they must be dismissed in their entirety with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state claims and those shall be remanded to Pierce County Superior Court.

ACCORDINGLY,

IT IS ORDERED:

(1) Defendant's Motion for Summary Judgment (Dkt.#12) is **GRANTED**; and

ORDER - 3

(2) Plaintiff's federal claims are dismissed with prejudice and Plaintiff's state claims are remanded to Pierce County Superior Court.

DATED this 31st day of June, 2005.

/s/ Franklin D. Burgess

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4